that the defendant must answer and make the discovery sought, although he demurs to the relief.

That where the complainant in a bill of discovery asks for an injunction to stay the defendant's proceedings at law until he has answered the bill, the bill must aver the necessity of a discovery in aid of the defence at law.

That as a general rule the defendant in any civil action may file a bill of discovery to aid him in the defence of such action, where the discovery sought is shown to be material. But that a party cannot be required to make a disclosure, upon a bill of discovery the effect of which might be to subject him to indictment and punishment for an offence against the laws of the state.

But as a person not licensed to practice as a physician or surgeon according to the laws of this state cannot recover any compensation for his services, under the provisions of the revised statutes, he cannot maintain an action of slander for charging him with mal-practice as a physician ; unless he is charged with having committed some offence involving moral turpitude or subjecting him to an infamous punishment.

Demurrer allowed ; and bill dismissed with costs, to be taxed ; including costs of motion to dissolve injunction.

——————— v. ———————. W. W. Frothingham, for

*Suits for divorce.* complainant. Bill for divorce. The chancellor decided that *What facts necessary to be proved on reference.* under the usual order of reference to a master, in a suit for divorce on the ground of adultery, to take proof of all the material facts charged in the bill and to report such proof to the court with his opinion thereon, the master should require proof of the facts which are necessary to give this court jurisdiction of the case. That he should also examine the witnesses as to whether there has been any condonation of the offence by the complainant, by cohabitation with the guilty party, after being informed of the adultery.

That where the defendant admits the adultery by the answer or by permitting the bill to be taken as confessed, the court requires proof of the facts necessary to give jurisdiction, as well as proof of the adultery, to prevent collusion between the parties.

That the facts necessary to give the court jurisdiction of such a case are, that the marriage took place in this state, or that one or both of the parties resided here where the adultery was committed, or at the time of the commencement of the suit.

The master in this case having merely reported as to the adultery, without stating whether the other averments in the bill were true, the report was referred back to him to take further proof.

*Samuel Dix and others* v. *Walter Briggs.* S. H. HAMMOND, for complainants; J. RHOADES, for defendant. Motion for appointment of a receiver upon a creditor's bill. The chancellor decided in this case that two persons having seperate judgments exceeding $100, and whose remedies at law have been exhausted, so as to entitle each to come into this court for relief against the property of the defendant, which could not be reached by their executions, may join in a creditor's suit ; instead of filing seperate bills. *Creditor's bill. Joinder of complainants in.*

That a similar joinder of complainants may take place where the amount due upon each judgment is less than $100; provided the whole amount in controversy in the creditor's suit in this court exceeds that sum.

But that a creditor's bill cannot be filed upon the return of an execution unsatisfied, which was issued against the personal property only of the defendant.

Motion denied, with costs.

*Samuel Burch* v. *Peter S. Kent.* S. BARCULO, for complainant; L. MAISON, for defendant. Decree appealed from affirmed, with costs.

*Nathan R. Crippen, jun.* v. *Nathan R. Crippen et al.* B. F. AGAN and J. VAN BUREN, for complainant; J. W. THOMPSON, for defendants. Motion for leave to amend bill granted. Such amendment to be made within forty days, by filing a new engrossed bill duly sworn to and incorporating the several amendments therein, and serving a copy thereof on the defendant's solicitor. Complainant also to pay, within twenty days after service of taxed bill, the taxable costs of defendant upon the demurrer and of opposing this motion, including $10